IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA J. STENGLE,<br>　　　　　　Plaintiff<br><br>　　　v.<br><br>OFFICE FOR DISPUTE RESOLUTION, PENNSYLVANIA DEPARTMENT OF EDUCATION, KERRY VOSS SMITH (in her individual capacity), AND LINDA O. RHEN (in her individual capacity),<br>　　　　　　Defendants | NO. 4:CV0-06-1913<br><br>(Judge Jones)<br><br>Electronically Filed<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANTS, PENNSYLVANIA DEPARTMENT OF EDUCATION AND LINDA O. RHEN, TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IN ACCORDANCE WITH FED. R. CIV. P. 12(b)(1) and (6)**

**I.    PROCEDURAL HISTORY**

　　Plaintiff commenced this action by filing a Complaint on September 27, 2006. (Doc. 1.) Defendants were served with the Complaint on that same date. (Doc. 2.) Plaintiff filed an Amended Complaint on October 31, 2006. (Doc. 12.)

1

Defendants Pennsylvania Department of Education ("Department") and Linda O. Rhen ("Rhen") thereafter filed a Motion for Extension of Time to file a response to the Amended Complaint on November 7, 2006. (Doc. 16.) The Court granted Defendants' Motion. (Doc. 17.) Defendants Department and Rhen filed a Motion to Dismiss Plaintiff's Amended Complaint on December 22, 2006. (Doc. 21.) This Brief is submitted in support of Defendants' Motion to Dismiss.

## II.   STATEMENT OF THE FACTS

Plaintiff served as an Office of Dispute Resolution ("ODR") special education due process hearing officer under consecutive one-year contracts with various Pennsylvania intermediate units from July 1, 1998, through June 30, 2006. (Amended Complaint, ¶¶ 11 and 13.) Plaintiff's final contract, with a term of July 1, 2005, through June 30, 2006, was with Intermediate Unit 13. (Amended Complaint, ¶ 14.) The contract stated that Plaintiff's subsequent reappointment as a hearing officer was contingent on satisfactory performance of all hearing officer duties, with satisfaction to be determined by the Director of Co-Defendant ODR.[1] (Amended Complaint, ¶ 14.) The Director was Co-Defendant, Kerry Smith. (Amended Complaint, ¶ 8.)

---

[1] The ODR is an entity separate and apart from the Department of Education. (Amended Complaint, ¶ 6.)

According to the Amended Complaint, Plaintiff questioned the directives being provided by ODR during a June 2005 training session for hearing officers. (Amended Complaint, ¶¶ 19 and 23.) Plaintiff challenged ODR's directives on other occasions as well. (Amended Complaint, ¶¶ 28, 31, and 35.)

By January 19, 2006, ODR had removed Plaintiff's name from two of three ODR case managers' e-mail lists, thereby preventing her from bidding to be the hearing officer assigned to cases being managed by those two individuals. (Amended Complaint, ¶ 44.) In February 2006, Plaintiff started an Internet blog in which she allegedly educated readers about various special education issues. (Amended Complaint, ¶ 50.) On April 13, 2006, Defendant Rhen, the then-Director of the Department's Bureau of Special Education, contacted Plaintiff, asking that she correct alleged misinformation posted on her blog. (Amended Complaint, ¶ 55.) Plaintiff concluded that the information was not incorrect. (Amended Complaint, ¶ 56.) Plaintiff alleges that in the spring of 2006, Defendants Rhen and the Department encouraged Co-Defendants Smith and ODR to not reappoint Plaintiff as a hearing officer. (Amended Complaint, ¶ 64.)

By letter dated June 2, 2006, Defendant Smith notified Plaintiff that she had decided not to reappoint Plaintiff as a hearing officer. (Amended Complaint, ¶ 69.) Defendant Smith set forth three reasons for her decision not to reappoint Plaintiff: "(a) the content of her "blog" was deemed to be advocacy which ensured that one

3

or both parties would legitimately question her impartiality; (b) refusing to recuse herself in one matter and using intemperate and inappropriate language; and (c) being out of timeliness compliance on a number of decisions." (Amended Complaint, ¶ 70.)

According to the Amended Complaint, however, those reasons as articulated by Defendant Smith were pretextual. (Amended Complaint, ¶ 71.) Rather, Plaintiff specifically alleges that "[i]t was the content of Mrs. Stengle's blog, rather than the fact that she had a blog, which raised Ms. Smith's ire." (Amended Complaint, ¶ 72.) Plaintiff further alleges that Defendant Smith refused to reappoint her "because of Mrs. Stengle's speech concerning matters of public concern." (Amended Complaint, ¶ 83.)

Plaintiff's Amended Complaint is set forth in six counts. The Second Count of Plaintiff's Amended Complaint purports to state a claim against the Department for conspiracy to violate the First and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983. The Fourth Count purports to state a claim against Defendant Rhen for conspiracy to violate the First and Fourteenth Amendments under 42 U.S.C. § 1983. The Fifth Count purports to state a claim against all Defendants for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

### III.   STATEMENT OF THE QUESTIONS INVOLVED

    A.    SHOULD THE SECOND COUNT OF PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED AS TO THE DEPARTMENT, WHERE THE DEPARTMENT IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C.A. § 1983?

    B.    SHOULD THE FOURTH COUNT OF PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED AS TO DEFENDANT RHEN, WHERE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONSPIRACY UNDER 42 U.S.C.A. § 1983 UPON WHICH RELIEF CAN BE GRANTED?

    C.    SHOULD THE FIFTH COUNT OF PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED AS TO DEFENDANTS DEPARTMENT AND RHEN, WHERE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF THE REHABILITATION ACT UPON WHICH RELIEF CAN BE GRANTED?

### IV.   ARGUMENT

The Second, Fourth, and Fifth counts of Plaintiff's Amended Complaint should be dismissed as to Defendants Department of Education and Rhen.

    **A.   THE SECOND COUNT OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE DEPARTMENT, BECAUSE THE DEPARTMENT IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C.A. § 1983.**

In the Second Count of her Complaint, Plaintiff attempts to set forth a claim against the Department under 42 U.S.C.A. § 1983 for conspiracy to violate Plaintiff's rights under the First and Fourteenth Amendments of the United States

Constitution. Specifically, Plaintiff contends that the Department conspired with Co-Defendant ODR to violate her constitutional rights. Plaintiff's claim against the Department, however, is without merit and should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

In order to be pursued under Section 1983, an action must aver that the alleged civil rights violation was committed by a "person." *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). State agencies are not "persons" as required by Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Plaintiff's Section 1983 claim against the Department of Education must, therefore, be dismissed. *See Boone v. Pennsylvania Office of Vocational Rehabilitation*, 373 F. Supp. 2d 484, 498 (M.D. Pa. 2005).

In the alternative, Plaintiff's Section 1983 claim based on an alleged conspiracy to violate her First Amendment rights is barred by sovereign immunity and should be dismissed in accordance with Fed. R. Civ. P. 12(b)(1). *See Illinois Dunesland Preservation Society v. Illinois Department of Natural Resources*, 2006 WL 3313764, at *4 (N.D. Ill. November 13, 2006). Likewise, Plaintiff's Section 1983 claim based on an alleged conspiracy to violate her Fourteenth Amendment

rights should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6) for the reasons set forth below with regard to Defendant Rhen.

>   B.  **THE FOURTH COUNT OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT RHEN, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONSPIRACY UNDER 42 U.S.C.A. § 1983 UPON WHICH CAN BE GRANTED.**

In accordance with Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for the plaintiff's failure to state a claim upon which relief can be granted. In ruling on such a motion, the court must accept all material allegations as true. Conclusory allegations of law, unsupported conclusions, and unwarranted inferences, however, need not be accepted as true. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449-50 (M.D. Pa. 1991).

In the Fourth Count of her Amended Complaint, Plaintiff relies on Section 1983 in alleging that Defendant Rhen conspired with Co-Defendant Smith to violate Plaintiff's rights under the First and Fourteenth Amendment. To sustain a Section 1983 conspiracy claim, the Plaintiff must establish that, (1) Defendants deprived her of a right secured by the Constitution or laws of the United States, and (2) Defendants conspired to do so while acting under color of state law. *Dennison v. Pennsylvania Department of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003). "Additionally, to sufficiently allege a conspiracy, a plaintiff must

7

show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." *Id.* (citations omitted).

According to this Court in *Dennison v. Pennsylvania Department of Corrections*, in order to state a claim for conspiracy under Section 1983, "[a] plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Id.* (citations omitted). It is unclear how specific such allegations must be, however, because this Court subsequently stated that Section 1983 conspiracy claims "do not need to be pled with particularity." *Boone v. Pennsylvania Office of Vocational Rehabilitation*, 373 F. Supp. 2d 484, 502 (M.D. Pa. 2005). In holding as such, however, the Court referenced the trend reflected in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), a case predating *Dennison* by a decade.

Regardless of the degree of particularity required in pleading a Section 1983 claim for conspiracy, it seems safe to assume that the complaint must at least reflect the *existence* of facts illustrating an agreement amongst the defendants to plot, plan, or conspire to carry out the alleged conduct. *See Powers v. NWA, Inc.*, 2006 WL 984738, at *5 (W.D. Tex. April 13, 2006) (stating that in order to allege a count based on conspiracy, a plaintiff must plead specific facts from which an inference of conspiracy may be drawn). *See also Ling v. City of Garland*, 2006

WL 148736 (N.D. Tex. January 18, 2006) (noting that mere conclusory allegations of conspiracy cannot state a claim for conspiracy absent reference to material facts).

In the case at bar, not only has Plaintiff failed to allege any facts that support a claim of conspiracy under Section 1983, she has specifically pled facts *contradicting* any claim of conspiracy between Rhen and Smith or the Department and ODR. For example, Plaintiff has pled that:

- Plaintiff did not have a contract with the Department or Rhen. (Amended Complaint, ¶ 14.)

- Plaintiff's ODR hearing officer contract stated that its continuation was contingent on Plaintiff's reappointment as a hearing officer *by Defendant Smith*, not the Department or Rhen. (Amended Complaint, ¶¶ 8 and 14.)

- Co-Defendant ODR is an entity separate and apart from the Department. (Amended Complaint, ¶ 6.)

- *Defendant Smith* decided not to reappoint Plaintiff as a hearing officer. (Amended Complaint, ¶ 69.)

- It was the content of Plaintiff's Internet blog that "raised Ms. Smith's ire." (Amended Complaint, ¶ 72.)

- *Defendant Smith* refused to reappoint Plaintiff *because of her speech* concerning matters of public concern. (Amended Complaint, ¶ 83.)

The Amended Complaint is utterly devoid of any allegations reflecting the existence of an agreement or understanding between Defendants Rhen and Smith to plot, plan, or conspire to make and carry out the decision to not reappoint

9

Plaintiff as a hearing officer. In addition to the above regarding Defendant Smith's decision not to reappoint her, Plaintiff alleges only that the Department and Rhen *encouraged* Co-Defendants ODR and Smith not to reappoint Plaintiff in the spring of 2006.[2] (Amended Complaint, ¶ 64.) "Encouraged" reflects a unilateral suggestion, not a bilateral plan or conspiracy amongst the Defendants. Such unilateral encouragement by a party that is not even alleged to have made the decision not to reappoint Plaintiff certainly cannot support a claim for civil conspiracy. The Fourth Count of Plaintiff's Amended Complaint should, therefore, be dismissed as to Defendant Rhen.

    **C.    THE FIFTH COUNT OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS DEPARTMENT AND RHEN, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF THE REHABILITATION ACT UPON WHICH RELIEF CAN BE GRANTED.**

The Fifth Count of Plaintiff's Amended Complaint purports to state a claim against all Defendants for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiff has failed to state a claim for such a violation, however, and the Fifth Count of her Amended Complaint should be dismissed as to Defendants Department and Rhen.

---

[2] Moving Defendants acknowledge that this allegation must be accepted as true for purposes of Defendants' Motion to Dismiss. Moving Defendants will, however, strongly contest this issue in the event that this matter moves forward on the merits.

> **1. Individuals are not liable under Section 504 and, therefore, the claim against Defendant Rhen should be dismissed.**

The Third Circuit has held that "there is no individual liability under Section 504 of the Rehabilitation Act." *Haylett v. Bohrer*, 2006 WL 2372134, at *2 (W.D. Pa. August 15, 2006) (citing *Emerson v. Thiel College*, 296 F.3d 184, 189-90 (3rd Cir. 2002). To the extent that it is stated against Defendant Rhen, therefore, Count Five of Plaintiff's Amended Complaint should be dismissed.

> **2. The Department was not Plaintiff's employer and, therefore, the claim against it should be dismissed.**

In order to make out a *prima facie* case of retaliation for exercising rights protected by the Rehabilitation Act, a plaintiff must demonstrate that (1) she engaged in legally protected activity, (2) the plaintiff's employer knew about the plaintiff's exercise of this right, (3) the employer took an adverse employment action against the plaintiff, and (4) the protected activity and the adverse employment action are causally connected. *Plautz v. Potter*, 156 Fed. Appx. 812, 819 (6th Cir. 2005). *See also Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). There must be a causal nexus between a plaintiff's protected activity and the adverse employment action alleged by the plaintiff. *Duncan v. Washington Metropolitan Area Transit Authority*, 214 F.R.D. 43, 50 (D.D.C. 2003).

Plaintiff has failed to allege facts that—even when read in the light most favorable to her—can support a claim against the Department for violation of

11

Section 504.  Even assuming that Plaintiff has pled facts sufficient to meet the first two elements of a claim for retaliation under Section 504—that is that she engaged in legally protected activity and that Plaintiff's employer knew of her exercise of that right—Plaintiff cannot meet the third prong of the test.  In fact, Plaintiff has pled facts specifically in contravention of that prong with regard to the Department and Rhen.  Plaintiff has expressly alleged that Co-Defendant ODR, for whom Plaintiff worked as a hearing officer, was separate and apart from the Department.  Plaintiff has further alleged that the decision of whether to reappoint her as a hearing officer lied with Co-Defendant Smith.  The Department simply is not Plaintiff's employer and, therefore, it would be impossible for Plaintiff to prove that the Department took adverse employment action against her, as required by the third prong of the Section 504 retaliation test.

     Moreover, given Plaintiff's specific assertions as to the basis for her termination, that is that Co-Defendant Smith was allegedly angry about Plaintiff's Internet blog and that Defendant Smith refused to reappoint Plaintiff because of her speech concerning matters of public concern, Plaintiff cannot possibly establish the requisite causal connection between any conduct by the Department and the adverse employment action allegedly taken against Plaintiff.  (Amended Complaint, ¶¶ 72 and 83.)  Plaintiff's claim for violation of Section 504 against the Department should, therefore, be dismissed, with prejudice.

## V. CONCLUSION

For the above-stated reasons, Defendants, the Pennsylvania Department of Education and Linda O. Rhen, respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint against them in its entirety, with prejudice.

        **Respectfully submitted,**

        **THOMAS W. CORBETT, JR.**
        **Attorney General**

**By:**   *s/Amy C. Foerster*
        **AMY C. FOERSTER**
        **Senior Deputy Attorney General**
        **Attorney I.D. #77986**

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**
        **Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**Phone:  717-705-7327**
**Fax:     717-772-4526**

**Date:  January 9, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA J. STENGLE,**<br>　　　　　　**Plaintiff**<br><br>v.<br><br>**OFFICE FOR DISPUTE RESOLUTION, PENNSYLVANIA DEPARTMENT OF EDUCATION, KERRY VOSS SMITH (in her individual capacity), AND LINDA O. RHEN (in her individual capacity),**<br>　　　　　　**Defendants** | NO. 4:CV0-06-1913<br><br>(Judge Jones)<br><br>**Electronically Filed**<br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Amy C. Foerster, Senior Deputy Attorney General, hereby certify that on this date I caused to be served a copy of the foregoing document by e-mail via the Middle District Court electronic filing system to the following individuals:

Jana R. Barnett, Esquire
1238 Cleveland Avenue
Wyomissing, PA  19610-2102
*(Counsel to Plaintiff)*

Ellis H. Katz, Esquire
Sweet, Stevens, Katz & Williams LLP
331 Butler Avenue
PO Box 5069
New Britain, PA 18901
*(Counsel to Defendants Smith and ODR)*

**Date:  January 9, 2007**　　　　　　_s/Amy C. Foerster_
　　　　　　　　　　　　　　　　　　**AMY C. FOERSTER**
　　　　　　　　　　　　　　　　　　**Senior Deputy Attorney General**

14