**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
A PROFESSIONAL CORPORATION   www.marshalldennehey.com

A REGIONAL DEFENSE LITIGATION LAW FIRM

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Akron

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

NEW YORK
New York



April 29, 2008

The Honorable John E. Jones, III
United States District Court for the Middle District
Herman T. Schneebeli Federal Building
Suite 218
240 West Third Street
Williamsport, PA  17701-7701

    **RE:**    Linda J. Stengle v. Office for Dispute Resolution, Pennsylvania Department of Education, Kerry Voss Smith, Linda O. Rhen, Ernest Helling, Diane Castelbuono, M. Patricia Fullerton, Lancaster-Lebanon Intermediate Unit #13, Abigail Tierney, and John Tommasini
           CIVIL ACTION NO.:  4:06-CV-01913
           MDWCG FILE NO.:  15043-00121

The Honorable John E. Jones, III
April 29, 2008
Page 2

---

Dear Judge Jones:

    We represent Defendants in the above-captioned action. Plaintiff is a former hearing officer who had a contract with the ODR for a period of years until June of 2007 when her contract was not renewed as the result of performance issues.

    Ms. Stengle brought suit against the Defendants alleging, inter alia, damages in the nature of emotional distress. She claims to have undergone psychiatric treatment with two physicians at the University of Pennsylvania Hospital for treatment of this emotional distress. Records reflecting that treatment were requested from Plaintiff in a Request for Production of Documents served many months ago, but Plaintiff's counsel refused to provide documents in her possession without a confidentiality stipulation. Defendants do not believe that a confidentiality stipulation is appropriate or required because Plaintiff has placed her mental health problems into controversy in this litigation. We therefore served records subpoenas approximately two months ago due to Plaintiff's refusal to provide the records, and despite repeated attempts to contact the records custodian, no telephone calls were returned until last week, when counsel was advised by the physicians that the subpoenas would not be honored unless a HIPAA authorization was executed. Plaintiff's counsel has refused to provide an executed HIPAA authorization, but instead, has once again offered to produce the records she has in her possession, which are not a complete set of Plaintiff's mental health records, in exchange for a signed confidentiality stipulation. This remains unacceptable to the Defendants because a complete set of records are necessary for a thorough understanding of this element of Plaintiff's damages claim.

    To complicate matters, the discovery deadline in this case is rapidly approaching, i.e., May 15, 2008. Plaintiff's deposition was previously scheduled but postponed at the request of the undersigned, in part, due to Plaintiff's refusal to produce the medical records in her possession without a confidentiality stipulation and the need to serve medical records subpoenas. However, since that time, Plaintiff has refused to produce herself for deposition any earlier than May 13, 2008. Defendants have never been provided with the medical records supporting Plaintiff's emotional distress claims and cannot adequately prepare for Plaintiff's deposition without them.

    Finally, Attorney Yerger just recently replaced Attorney Foerster as counsel for the PDE defendants. Because of the magnitude of this undertaking, Attorney Yerger has been unable to prepare adequately to defend upcoming depositions on May 7. Moreover, Attorney Yerger has

The Honorable John E. Jones, III
April 29, 2008
Page 3

---

been unable to prepare adequately to take Plaintiff's deposition on May 13, 2008, in part, because the medical records have been withheld.

Pursuant to Paragraph 2.2 of the Court's Standing Order of December 27, 2006, we request the court to schedule a telephonic conference for the dual purpose of (1) addressing the discovery dispute regarding the medical records issue; and (2) extending the discovery deadline for 30 days.

Very truly yours,

*s/Sharon M. O'Donnell*

SHARON M. O'DONNELL
Attorney for Defendants, ODR, Smith, Lebanon
Lancaster IU#13

*s/Sarah C. Yerger*

SARAH C. YERGER
Attorney for PDE Defendants

/smo